W. SHARP, Judge.
Brousseau appeals from five sentences he received after pleading nolo contendere to five criminal charges. Pointing out a sentencing error concerning Case No. 90-2024 in an Anders[1] brief, the public defender then sought to withdraw. We disagree the errors involved in this case are “relatively minor”. Accordingly, we deny the public defender’s motion to withdraw. *998 We vacate four of the sentences imposed and remand for resentencing.
In Case No. 90-2024, Brousseau was adjudicated guilty of forgery[2] and uttering a forgery.[3] Both are third degree felonies. He was sentenced as a habitual violent felony offender to two concurrent ten year terms, followed by five years on probation. However, pursuant to section 775.084(4)(b)3, the habitual violent offender sentencing statute, the maximum, sentence which can be imposed is ten years for a third degree felony. Brousseau’s fifteen year sentences (including probation) are illegal sentences.
With regard to Case No. 90-1990, Brousseau was adjudicated guilty of armed burglary of a dwelling,[4] a first degree felony; dealing in stolen property[5] a second degree felony; and possession of a firearm by a convicted felon,[6] a second degree felony. The court sentenced him as an habitual violent felony offender to three concurrent fifteen year terms for each crime, followed by five years on probation, specifying that the fifteen years was the minimum mandatory.
Pursuant to the Habitual Offender Statute, section 775.084, two of these three sentences are improper. A person convicted as an habitual violent felony offender for a first degree felony can receive up to life, and fifteen years is the statutory minimum mandatory he must serve prior to release.[7] However, the minimum mandatory sentence for a second degree felony is ten years — not fifteen.[8]
Because .of these sentencing errors, we vacate all but the sentence imposed for armed burglary in Case No. 90-1990, which we affirm. We remand for resentencing in both cases for all of the other criminal charges.
AFFIRMED in part; four sentences VACATED; and REMANDED.
DAUKSCH and PETERSON, JJ., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. § 831.01,- Fla.Stat. (1989).

. § 831.02, Fla.Stat. (1989).

. § 810.02(2), Fla.Stat. (1989).

. § 812.019(1), Fla.Stat. (1989).

. § 790.23, Fla.Stat. (1989).

. § 775.084(4)(a) and (4)(b)l., Fla.Stat. (1989).

. § 775.084(4)(b)2., Fla.Stat. (1989).